CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
JUL 30 2012
JULIA C. DUDLEY, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| DAVID L. STARR, | ) | CASE NO. 4:11CV00053 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | By: B. Waugh Crigler |
| Defendant. | ) | U. S. Magistrate Judge |

This challenge to a final decision of the Commissioner which denied plaintiff's December 23, 2009 protectively-filed application for a period of disability and disability insurance benefits under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416 and 423, is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions, and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision, and DISMISSING this action from the docket of the court.

In a decision dated December 1, 2010, an Administrative Law Judge ("Law Judge") found that plaintiff had not engaged in substantial gainful activity since October 1, 2009, his alleged date of disability onset.[12] (R. 14.) The Law Judge determined plaintiff's diabetes

---

[1] Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment or combination of impairments that can be expected to result in death or that has lasted or can be expected to last

1

mellitus, right eye blindness, and obesity were severe impairments. (R. 14-15.) He also concluded that, through the date of the hearing, plaintiff did not suffer an impairment or combination of impairments which met or equaled a listed impairment. (R. 16.) Further, the Law Judge found that plaintiff possessed the residual functional capacity ("RFC") to perform a range light work.[3] (R. 16-19.)

The Law Judge then turned to determine whether plaintiff was disabled from his past relevant work. He relied on portions of the testimony of Robert Jackson, M.S., a vocational expert ("VE"), which was in response to questions premised on the Law Judge's RFC finding. (R. 19-20, 56-60.) Based on this testimony, the Law Judge determined that plaintiff was able to perform his past relevant work as a bus driver/child care worker. (R. 19-20.) Accordingly, the Law Judge found plaintiff was not disabled under the Act.[4] (R. 20.)

Plaintiff appealed the Law Judge's December 1, 2010 decision to the Appeals Council. (R. 1-8.) In its September 29, 2011 decision, the Appeals Council considered the additional evidence filed by plaintiff on appeal but found no basis to review the Law Judge's decision. (R. 1-2.) The Appeals Council denied review and adopted the Law Judge's decision as the final decision of the Commissioner. *Id.* This action ensued and briefs were filed.

---

for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(A). In order to qualify for a period of disability and disability insurance benefits, plaintiff must establish that he became disabled prior to the expiration of his insured status, which is December 31, 2014. *See* 20 C.F.R. § 404.131(a); (R. 14.)

[2] The Law Judge did find that plaintiff had been engaged in work activity since his disability onset date; however, he found this activity did not rise to the level of substantial gainful activity. (R. 14.)

[3] Light work is defined in 20 C.F.R. § 404.1567(b) as involving lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. A job in this category requires a good deal of walking or standing, or when it involves sitting most of the time, some pushing and pulling of arm or leg controls.

[4] By letter dated October 7, 2010, counsel for plaintiff moved to reopen the hearing to take additional vocational testimony. (R. 285-286.) However, because the Law Judge found that plaintiff could perform his past work, he determined that further vocational expert testimony was not required and denied plaintiff's motion. (R. 20.)

2

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs, and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence, which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585, 589-590 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). Substantial evidence is defined as evidence, "which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.* at 642. When the Appeals Council considers additional evidence offered for the first time on administrative appeal and denies review, courts must consider the record as a whole, including the new evidence, in determining whether the Law Judge's decision is supported by substantial evidence. *Meyers v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011); *Wilkins v. Secretary*, 953 F.2d 93, 96 (4th Cir. 1991).

Plaintiff asserts that the Law Judge erroneously assessed his residual functional capacity and misstated applicable law. (Dkt. No. 16, at 5-6.) The undersigned will address those challenges in the order asserted.

First, plaintiff challenges the Law Judge's finding that he is capable of substantial gainful activity. (Dkt. No. 16, at 5.) In his decision, the Law Judge found that plaintiff's allegations regarding the severity of his alleged symptoms lacked evidentiary support and were inconsistent with the other evidence of record. (R. 18.) This finding is supported by substantial evidence in the record.

3

As the Law Judge found, plaintiff suffers from diabetes, right eye blindness, and obesity. (R. 14, 147, 185-186.) He has been prescribed medication to control his blood sugar levels and lower his cholesterol, and he took additional nonprescription drugs to control his allergies, cholesterol, and pain. (R. 218.) However, the treatment reflected in the record appears to have been relatively limited and conservative. For example, there is nothing in the record to indicate hospitalizations as a result of his condition, there is no indication that plaintiff's physicians proposed more intensive treatment, and there are no treating source opinions that plaintiff was incapable of substantial gainful activity.

Plaintiff's physical examinations also appear unremarkable. An April 12, 2009 treatment record revealed tenderness in his back during a musculoskeletal examination, but it identified no other form of pain, a full range of motion, and negative results from a straight leg test. (R. 220-222.) A report from June 10, 2009 showed that better diet and exercise had helped plaintiff lose 21 pounds. (R. 228.) Moreover, plaintiff had lost an additional seven pounds by the time of the administrative hearing. (R. 32.) Plaintiff reported that his weight loss reduced his back pain. (R. 230.) A treatment note from September 28, 2009 also showed no joint pain or swelling, no weakness, and a normal gait. (R. 264.) Another treatment note from February 22, 2010 similarly did not reveal difficulties in movement, posture, or pain management. (R. 245-246.)

Furthermore, the consultative report of Erika Young, D.O, dated March 24, 2010, revealed a normal range of motion in all sectors, normal strength in all extremities, and normal coordination, though it identified other problems. (R. 253-258.) An examination on September 14, 2010 did indicate plaintiff was suffering back pain, but it revealed no diagnosis related to it. (R. 275-276.) The record demonstrates that plaintiff has struggled with controlling his blood sugar levels and has experienced a decline in the vision in his remaining eye. (R. 263-265, 274-

4

276, 279.) However, while he was prescribed medication and new glasses, examinations failed to show background diabetic retinopathy or signs of neovascularization. (R. 276.) As a whole, the medical record is fairly sparse, demonstrates relatively normal examination findings with limited treatment, and, ultimately, provides substantial support for the Commissioner's decision.

The Law Judge also relied on the fact that plaintiff continued to work during the relevant period. (R. 18-20, 28-31, 60.) Plaintiff testified that he worked 17.5 hours a week for 40 weeks and 30 hours a week for 10 weeks during the summer, all at $7.25 an hour. (R. 44, 149.) Plaintiff further testified during the hearing that, even with his current pain, he could regularly work 30 hours a week, at his current job, or similar work, if given the opportunity. (R. 38-39, 45-46.) Plaintiff also disclosed that he had worked other small jobs in the past to increase his earnings but had been laid off when his employers no longer could afford to pay him. (R. 44.)

According to the Commissioner's regulations, a claimant in 2010 engages in substantial gainful activity if he or she earns more than $1,000 a month. *See* 20 C.F.R. § 404.1574; *See also* Social Security Administration, "Automatic Determinations: Substantial Gainful Activity," http://www.ssa.gov/oact/cola/sga.html (last modified October 19, 2011). The part time work reflected in the record falls short of substantial gainful activity, as plaintiff's earnings would only amount to around $550 a month and $940 a month respectively.[5]

By the same token, even if work does not rise to the level of substantial gainful activity, work performed by a claimant during the relevant period is relevant in determining whether the claimant is capable of performing substantial gainful activity. 20 C.F.R. § 404.1571. Here, the record evidence could be viewed by a fact finder as demonstrating that plaintiff was able to perform work and maintain a regular schedule amounting to substantial gainful activity.

---

[5] $7.25/hr x 17.5 hours/week x 4.3 weeks/month = $550 a month. $7.25/hr x 30 hours/week x 4.3 weeks/month = $940.

5

Accordingly, it was not erroneous for the Law Judge to have considered plaintiff's then current vocational activities and his testimony that he was able to work additional hours as evidence that he could perform substantial gainful activity including that involved in his past relevant work.[6]

The Law Judge accorded little weight to the consultative opinion of Dr. Young that plaintiff was disabled on the basis that the opinion was inconsistent with the record. (R. 18-19.) Young opined that plaintiff was limited in his ability to stand and walk, suffered postural limitations, was restricted from climbing or working around heavy machinery, and should not drive because of blindness in one eye. (R. 255-256.) The Law Judge pointed out that plaintiff had not demonstrated difficulty with standing or walking during visits to his physician, and that there was no evidence in the record supporting Dr. Young's finding that plaintiff suffered degenerative joint disease in his back. (R. 19.) The Law Judge also pointed out that plaintiff had continued to work part-time as a bus driver during the relevant period, that he had testified that he was able to legally drive, and that he had no problems driving even with his current vision, all of which contradicted Young's opinion that plaintiff should not be driving because of his partial blindness. (R. 19, 28-31.) The Law Judge was in the better position to assess this evidence and to assign the ultimate weight to medical opinions which were inconsistent with the other substantial evidence in the record. *Craig v. Chater*, 76 F.3d 585, 589-590 (4th Cir. 1996). While the court may have assigned greater weight to Dr. Young's opinion had it been the trier of fact, there is substantial evidence supporting the Law Judge's decision to accord this opinion little weight.

---

[6] Plaintiff is correct that the Law Judge misstated the standards for disability during the hearing. (Dkt. No. 16, at 5-6.; R. 285-286.) The Law Judge appears to have been attempting to explain to the plaintiff in a simple way the regulatory requirements for disability and, in doing so, inaccurately stated that an individual could not work and be eligible for disability benefits at the same time. (R. 60-62.) However, this misstatement did not compound to error in the Law Judge's summary of the law pertaining to substantial gainful activity and his use of plaintiff's work activities to determine that plaintiff was able to perform his past relevant work.

6

While the case was on appeal to the Appeals Council, plaintiff submitted additional evidence. (R. 2, 4, 287-291.) This evidence reveals that plaintiff's condition had worsened, and that, as of June 16, 2011, he no longer was able to carry out the duties as a Child Care Counselor. (R. 287-288.) There was a recommendation that he be placed on leave for 30-60 days to determine the severity of his condition and, later, a note directing that he not return to work for a period of six months. (R. 289, 291.) This evidence revealed that plaintiff was diagnosed as suffering lumbar degenerative disc disease and was prescribed strengthening exercises. (R. 290.)

The Appeals Council must consider additional evidence if it is: (a) new, (b) material, and (c) relates to the period on or before the date of the Law Judge's decision. *Wilkins v. Secretary*, 953 F.2d 93, 95-96 (4th Cir. 1991). It is clear that the evidence submitted to the Appeals Council in this case did not relate to the period preceding the Law Judge's decision of December 1, 2010. The Council did not err in denying review.

For all these reasons, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision, and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk

is directed to transmit a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

7-30-2012
Date